# Exhibit A

26AB-CC00142

Electronically Filed - Franklin County - April 03, 2026 - 11:29 AM

**IN THE CIRCUIT COURT OF FRANKLIN COUNTY**
**STATE OF MISSOURI**

| | |
|---|---|
| ROBERT P. PAYNE, JR. | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) |
| | ) Cause no. |
| KONINKJIJKE PHILIPS N.V.; | ) |
| PHILIPS NORTH AMERICA LLC; AND | ) PLAINTIFF REQUESTS JURY TRIAL |
| PHILIPS RS NORTH AMERICA LLC. | ) |
| Serve:  Missouri Secretary of State | ) |
|     Jefferson City,  MO | ) |
| | ) |
| And | ) |
| | ) |
| LINCARE, INC. | ) |
| Serve: CT Corporation System | ) |
|     5661 Telegraph Road, Suite 4B | ) |
|     St. Louis, MO  63129-4275 | ) |
| | ) |
| And | ) |
| | ) |
| MEDICAL WEST HEALTHCARE | ) |
| CENTER, LLC | ) |
| Serve:  CSC-Lawyers Incorporating | ) |
|     Service Company | ) |
|     221 Bolivar Street | ) |
|     Jefferson City,  MO  65101 | ) |
| | ) |
| Defendants. | ) |

**PETITION**

**COMES NOW** Plaintiff and for his petition against Defendants Koninklijke Philips N.V. ("Royal Philips"), Philips North America LLC ("Phillips NA), and Phillips RS North America LLC ("Philips RS") (collectively, Royal Philips, Philips NA, and Philips RS are "Philips" or the "Defendants"); and Defendant Medical West Healthcare Center, LLC; and Defendant Lincare, Inc., states to the court as follows:

**PARTIES**

1.  Plaintiff Robert P. Payne Jr., at all times relevant hereto is and has been a resident of Franklin County, Missouri.

2.  Defendant Royal Phillips is a Dutch multinational corporation with its principal place of business located in Amsterdam, Netherlands. Royal Phillips is the parent company of the Phillips group of healthcare technology businesses, including connected care businesses focusing on sleep and respiratory care. Royal Phillips holds directly or indirectly 100% of its subsidiaries Phillips NA and Phillips RS. Upon information and belief, Royal Phillips controls Philips NA and Phillips RS in the manufacturing, selling, distributing, and supplying the CPAP machine utilized by plaintiff referred to herein.

3.   Defendant Phillips NA is a Delaware corporation with its principal place of business located at 222 Jacob St., Cambridge MA  02141. Phillips NA is a wholly owned subsidiary of Royal Philips.

4.  Defendant Phillips RS is a Delaware corporation with its principal place of business located at 6501 Living Place, Pittsburgh PA 15206.  Phillips RS is a wholly owned subsidiary of Royal Phillips. Phillips RS was formerly operated under the business name Respironics, Inc. Upon information and belief, Royal Philips acquired Respironics in 2008.

5.  Defendant Medical West Healthcare Center, LLC is a Missouri limited liability company which operates a retail establishment under the name Medical West, located at 2000 E. 5th Street in Washington Missouri.  Upon information and belief, Medical West Healathcare Center LLC was previously operated under the name of  Medical West Respiratory Services, LLC. until 2018.  Both Medical West entities are referred to hereafter as "Medical West". Plaintiff purchased the CPAP machine at issue in this case from Defendant Medical West.

6. Upon information and belief, Defendant Lincare, Inc., is the parent company and sole owner of Medical West Healthcare Center, LL., and operates "Medical West" as a wholly owned subsidiary of Lincare, Inc. Hereinafter the Medical West Defendants and Defendant Lincare are referred to as the "MW Defendants".

## JURISDICTION AND VENUE

7. This Court has jurisdiction in this case arising out of the fact that the sale of the defective appliance and the injury to Plaintiff occurred in Franklin County, Missouri. Plaintiff is a resident of Franklin County and Defendants conduct their usual and customary business within Franklin County and the state of Missouri. The amount in controversy exceed $25,000.00.

## FACTS COMMON TO ALL COUINTS

8. Plaintiff brings this action for personal injuries and damages arising out of his use of Defendant Philip's Dream Station Bi-Level Positive Airway devise (CPAP) for sleep apnea, manufactured by Philips, which contained harmful polyester-based polyurethane sound abatement foam ("PE-PUR Foam), and sold to Plaintiff by the MW Defendants.

9. After several years of using Defendant Philip's device, Plaintiff learned that there were problems associated with the PE-PUR foam used in the device degrading, and that harmful off-gases and particles would be ingested when the device was used regularly.

10. At all times relevant hereto, Defendant Philips knew that the PE-PUR foam in the device was at risk for degradation into particles that may enter the device's pathway and be ingested or inhaled by users of the device, and that the PE-PUR foam may off gas certain harmful chemicals during operation. Defendant Philips knew that these defects could result in serious injury which can be life threatening, cause permanent impairment and pain and suffering and or require medical intervention to preclude permanent impairment or death.

11. Defendant Philips knew that among the harmful off-gases that its users would be ingesting were Toulene Diamine ("TDA"), Toulene Diisocyanate ("TDI") and Diethylene Glycol ("DEG").

12. Defendant Philips knew that the potential risk of particulate exposure and off gas ingestion included: breathing and lung problems, irritation of the skin, eye and respiratory tract, inflammatory response, headache, asthma, adverse effects to other organs (e.g. Kidneys and liver), gastrointestinal problems and toxic carcinogenic effects.

13. In 2016, Plaintiff purchased a Phillips Dream Station BiPAPPro machine from Defendant Medical West to assist him in sleeping and used it continuously until 2021, when he learned of the harm the device was causing him.   Unknown to Plaintiff at the time, the device caused him problems breathing and stomach and throat problems and other physical ailments.

14. Beginning in June 2021, Defendant Philips first disclosed to the general public that there were problems associated with the use of their CPAP machines involving off-gassing and PE-PUR foam contamination.  Defendant was unaware of any such issues or problems with his machine until sometime after June of 2021.

15. In April of 2021, Plaintiff underwent surgery for a weight reduction procedure.  During that surgery, his operating surgeon discovered a cancerous tumor in his stomach, and in order to remove the cancer and save Plaintiff's life, his surgeon removed a portion of his stomach.

16. Since the removal of his stomach, Defendant has sustained severe pain, discomfort, anxiety, stomach and gastrointestinal problems; his ability to eat and function normally has been affected dramatically and he continues to suffer these problems and will do so for the rest of his life.  Defendant is unable to work and is unable to do so in the future.

Not an Official Court Document

17.    The medical issues and injury described above were caused by Plaintiff's use of Defendant Philip's machine.  Since June, 2021, Defendants have made several announcements and statements recognizing that that its sleep apnea machines may cause significant risk of developing severe illness, including cancer.

## CLAIMS FOR RELIEF

## COUNT I – PRODUCTS LIABILITY

COMES NOW Plaintiff and for his claim against the Philips Defendants in this Count I states to the Court as follows:

18.  Plaintiff incorporates the foregoing allegations as if fully set forth herein.

19.  The Philip's Defendants marketed and sold Plaintiff's CPAP device into the stream of commerce with the intent that it be purchased by Plaintiff in the normal course of its business.

20.  Philips expressly warranted, advertised and represented to Plaintiff that the device was safe and appropriate for human use.

21.  The device was in a defective condition unreasonably dangerous when it left the defendants' control in that:

a)  it was likely to emit off gases (TDA, TDI, DEC) when in use which were harmful to users of the product, and did in fact harm Plaintiff, and;

b)  under regular use, the PRE-PUR foam was likely to and did in fact deteriorate, become dislodged and be ingested by Plaintiff when he used the product, causing him significant harm, pain, injury and disability.

c)  No warning was provided to users in general and Plaintiff in particular, regarding the danger of off-gases from the machine, or the deterioration of the PRE-PUR foam.

Electronically Filed - Franklin County - April 03, 2026 - 11:29 AM

d) the device was defectively designed in that the materials used (PRE_PUR) foam were inferior and unlikely to perform as intended.

22. The defects in the device caused or contributed to cause the significant injuries and damages described above for which Defendant is strictly liable.

23. As a direct result of the defective product, Plaintiff was caused to suffer serious personal injuries and disability described above, including the loss of a portion of his stomach, cancer, the inability to eat, sleep and breath normally, significant medical expenses in an amount to be determined, past and future lost wages, significant pain, suffering and anxiety.

24. Plaintiff seeks actual damages for past and future pain and suffering, past and future medical costs, past and future lost wages and all other damages allowed by law, and for such other relief the Court may deem just and proper.

WHEREFORE, based on the foregoing Plaintiff seeks a judgment on his behalf awarding him actual damages for the personal injuries, pain and suffering, past and future medical wages, past and future lost wages, his attorneys fees and court costs and any other damages he may be entitled to under law, and for such other relief the Court may deem appropriate and just under the circumstances.

## COUNT II – PRODUCTS LIABILITY – MEDICAL WEST DEFENDANTS

COMES NOW Plaintiff and for his claim against the MW Defendants in this Count II states to the Court as follows:

25. Plaintiff incorporates the foregoing allegations as if set forth herein,

26. The medical West Defendants marketed and sold into the stream of commerce with the intent that the CPAP machine manufactured by the Philips Defendants be purchased by Plaintiff in the normal course of its business.

Electronically Filed - Franklin County - April 03, 2026 - 11:29 AM

27. The MW Defendants warranted, advertised and represented to Plaintiff that the device was safe and appropriate for human use,

28. The device was in a defective condition unreasonably dangerous when it left the Medical West Defendants' control in that:

a) it was likely to emit off gases (TDA, TDI, DEC) when in use which were harmful to users of the product, and did in fact harm Plaintiff, and;

b) under regular use, the PRE-PUR foam was likely to and did in fact deteriorate, become dislodged and be ingested by Plaintiff when he used the product, causing him significant harm, pain and disability.

c) No warning was provided to users in general and Plaintiff in particular, regarding the danger of off-gases from the machine, or the deterioration of the PRE-PUR foam.

d) the device was defectively designed in that the materials used (PRE_PUR) foam were inferior and unlikely to perform as intended.

29. The defects in the device caused or contributed to cause the significant injuries and damages described above for which Defendant is strictly liable.

30. As a direct result of the defective product, Plaintiff was caused to suffer serious personal injuries and disability described above, including the loss of a portion of his stomach, cancer, significant medical expenses in an amount to be determined,  past and future lost wages, significant pain, suffering and anxiety.

31. Plaintiff seeks actual damages for past and future pain and suffering, past and future medical costs, past and future lost wages and all other damages allowed by law, and for such other relief the Court may deem just and proper.

WHEREFORE, based on the foregoing Plaintiff seeks a judgment on his behalf awarding him damages for the personal injuries, pain and suffering, past and future medical wages, past and future lost wages, his attorneys fees and court costs and any other damages he may be entitled to under law, and for such other relief the Court may deem appropriate and just under the circumstances.

## COUNT III - FRAUDULENT MISREPRESENTATION

COMES NOW Plaintiff and for his claim against the Phiilips Defendants in this Count III states to the Court as follows:

32.  Plaintiff incorporates the foregoing allegations as if fully set forth herein.

33.  Plaintiff failed to disclose that Plaintiff's CPAP device posed serious risk to him and other users and falsely represented that the device was safe for human use.

34.  These representations were material to Plaintiff and he was unaware they were false.

35.  Defendants intentionally, knowingly, and recklessly made these representations and omissions to induce Plaintiff to purchase the device, and with a conscious disregard for the safety and rights of users of its product, including Plaintiff, which warrant the award of punitive damages.

36.  Defendants knew that its representations and omissions about the device were false in that the device contained PE-PUR foam and thus was at risk of causing adverse health effects to users of the device, which does not conform to the products labels, packaging, advertising, and statements.  Defendant Phillips knowingly allowed its packaging, labels, advertisements, promotional materials, and websites to intentionally mislead consumers such as Plaintiff.

37.  Plaintiff relied on these omissions and misrepresentations and purchased and used the device to his detriment. Given the deceptive manner in which Phillips advertised,

Electronically Filed - Franklin County - April 03, 2026 - 11:29 AM

represented, and otherwise promoted the devices, Plaintiff's reliance on defendants omissions and misrepresentations was justifiable.

38.   As a direct and proximate result of defendants conduct, Plaintiff has suffered actual damages in that he purchased the device which he would not have purchased at all had he known of the health risk, including organ failure and cancer, associated with the use of the device, and which did not conform to the devices labels, packaging, advertising, and statements.

39.   As a direct result of Defendants fraudulent conduct, Plaintiff was caused to suffer serious personal injuries and disability described above, including the loss of a portion of his stomach, cancer, significant medical expenses in an amount to be determined,  past and future lost wages, significant pain, suffering and anxiety.

WHEREFORE, based on the foregoing Plaintiff seeks a judgment on his behalf awarding him damages for his personal injuries, pain and suffering, past and future medical wages, past and future lost wages, his attorneys fees and court costs, punitive damages and any other damages he may be entitled to under law, and for such other relief the Court may deem appropriate and just under the circumstances.

## COUNT IV – FRAUD BY OMISSION

COMES NOW Plaintiff and for his claim against the Phiilips Defendants in this Count IV states to the Court as follows:

40.   Plaintiff incorporates the foregoing allegations as if fully set forth herein.

41.   Defendant concealed from and failed to disclose to plaintiff that the use of the device has a risk of adverse health effects, which does not conform to the products labels, packaging, advertising and statements.

Electronically Filed - Franklin County - April 03, 2026 - 11:29 AM

42.  Defendant was under a duty to disclose to plaintiff the true quality, characteristics, ingredients, suitability, and danger of the device because: (a) Phillips was in a superior position to know the true facts about its products; (b) Phillips knew that plaintiff could not reasonably have been expected to learn or discover prior to purchasing and using the device that there were misrepresentations and omissions by Phillips in the packaging, labels, advertising, directions and websites regarding the health risk associated with use of the device.

43.  The facts concealed or not disclosed by Phillips to plaintiff were material in that a reasonable consumer would have considered them important when deciding whether to purchase the device.  Defendants acted with a conscious disregard for the safety and rights of users of its product, including Plaintiff, which warrant the award of punitive damages.

44.  Plaintiff justifiably relied, and had a right to rely thereon, on Philip's omissions to his detriment. The detriment is evident from the true quality, characteristics and risk associated with the use of the device, which is inferior when compared to how the device was advertised and represented by Phillips.

45.  As a direct and proximate result of Philip's conduct, plaintiff has suffered personal injuries and illness, pain and suffering and actual damages in that he purchased the device which he would not have purchased at all had he known of the health risk associated with the use of the device, and which do not conform to the devices labels, packaging, advertising, directions and statements.

46.  As a direct result of the Defendant's conduct, Plaintiff was caused to suffer serious personal injuries and disability described above, including the loss of a portion of his stomach, cancer, significant medical expenses in an amount to be determined,  past and future lost wages, significant pain, suffering and anxiety.

Electronically Filed - Franklin County - April 03, 2026 - 11:29 AM

47.  Plaintiff seeks actual damages, attorneys fees, cost and any other just and equitable relief available under the laws and as the court may deem just and proper under the circumstances,

WHEREFORE, based on the foregoing Plaintiff seeks a judgment on his behalf awarding him damages for his personal injuries, pain and suffering, past and future medical wages, past and future lost wages, his attorneys fees and court costs and any other damages he may be entitled to under law, and for such other relief the Court may deem appropriate and just under the circumstances.

## COUNT V –  NEGLIGENT MISREPRESENTATION

COMES NOW Plaintiff and for his claim against the Phiilips Defendants in this Count V states to the Court as follows:

48.  Plaintiff incorporates the foregoing allegations as if fully set forth herein

49.  Plaintiff had a duty to plaintiff to exercise reasonable and ordinary care in the design, developing, testing, manufacture, marketing, distribution, and sale of the CPAP device.

50.  Phillips breached its duty to plaintiff by developing, testing, manufacturing, advertising, marketing, distributing, and selling products to plaintiff that did not have the qualities, characteristics, safety, and suitability for its intended use, or for use as advertised by Phillips, and by failing to promptly removed the device from the marketplace or to take other appropriate remedial action upon becoming aware of the health risk of the device.

51.  Phillips knew or should have known that the qualities and characteristics of the device was not as advertised or suitable for its intended use and purpose and was otherwise not as warranted and represented by Phillips. Specifically, Phillips knew or should have known that the use of the device was accompanied by a risk of adverse health effects that do not conform to

Electronically Filed - Franklin County - April 03, 2026 - 11:29 AM

the packaging and labeling, and that the device was adulterated, or at risk of being adulterated, by the PRE_PUR foam that could cause users of the device to suffer adverse health effects.

52.  As a direct result of the defective product, Plaintiff was caused to suffer serious personal injuries and disability described above, including the loss of a portion of his stomach, cancer, significant medical expenses in an amount to be determined, past and future lost wages, significant pain, suffering and anxiety.

53.  Defendants were grossly negligent in the breach of their duty for which Plaintiff is entitled to punitive damages

WHEREFORE, based on the foregoing Plaintiff seeks a judgment on his behalf awarding him damages for his personal injuries, pain and suffering, past and future medical wages, past and future lost wages, his attorneys fees and court costs, punitive damages and any other damages he may be entitled to under law, and for such other relief the Court may deem appropriate and just under the circumstances.

## COUNT VI – MISSOURI MERCHANDISING PRACTICES ACT

COMES NOW Plaintiff and for his claim against the Phiilips Defendants in this Count V states to the Court as follows:

54.  Plaintiff incorporates the foregoing allegations as if fully set forth herein.

55.  The conduct of the Philips Defendans as alleged constituted multiple violations of the Missouri Merchandising Practices Act, R.S.Mo. Section 407.025 and the Attorney General regulations for the enforcement of the Act, which have the force of law.

56.  As a direct and proximate result of the violations of of the MMPA as alleged, Plaintiff as suffered ascertainable losses of money and property and damages as alleged.

57.  Pursuant to RSMo Section 407.025 Plaintiff is entitled to recover his actual damages, reasonable attorneys fees and court costs.

WHEREFORE, based on the foregoing Plaintiff seeks a judgment on his behalf awarding him actual damages for his personal injuries, pain and suffering, past and future medical wages, past and future lost wages, his attorneys fees and court costs and any other damages he may be entitled to under law, and for such other relief the Court may deem appropriate and just under the circumstances.

Respectfully submitted,

/s/ Dennis M. Devereux
Dennis M. Devereux #33478
Attorney for Defendant
4261 Holt Road
Wentzville,  MO  63385
314-229-9372
Dendevlaw@gmail.com

Case: 26AB-CC00142 - Filed: 07/29/2026 - Page: 15 of 22 - Page ID #:

| | |
|---|---|
| **Judge/Commissioner Assigned** | HELFRICH, RYAN JEROME |
| **Date Filed** | 04/03/2026 |
| **Location** | Franklin County |
| **Case Type** | CC Pers Injury-Prod Liab |
| **Disposition** | Not Disposed |
| **Financial Information** | |

PAYNE, ROBERT PAUL JR - Plaintiff

**Address:** 10052 ASHMORE ROAD SULLIVAN, MO 63080
**Year of Birth:** 1970

Represented By

DEVEREUX, DENNIS M - Attorney for Plaintiff

**Address:** 4261 HOLT RD WENTZVILLE, MO 63385

---

KONINKJIJKE PHILIPS - Defendant

**Address:** 222 JACOBS STREET CAMBRIDGE, MA 02141

---

PHILIPS NA, LLC - Defendant

**Address:** 222 JACOBS STREET CAMBRIDGE, MA 02141

---

PHILIPS RS NA, LLC - Defendant

**Address:** 222 JACOBS STREET CAMBRIDGE, MA 02141

---

LINCARE, INC. - Defendant

**Address:** 19387 US HIGHWAY 19 CLEARWATER, FL 33764

---

MEDICAL WEST HEALTHCARE CENTER, LLC - Defendant

**Address:** 2000 E. 5TH STREET WASHINGTON, MO 63080

Case: 426AB-CC00042 - ROBERT P. PAYNE, JR. V. PHILLIPS, ET AL (E-CASE) - Docket Entries
Case.net 26AB-CC00042 - ROBERT P. PAYNE, JR V PHILLIPS, ET AL (E-CASE) Page 17 of 22

31

**Sort by date:** Descending Ascending          **Display options:** All Entries ⌄

**04/03/2026**

**Judge/Clerk - Note**
PETITION REFLECTS DEFENDANT MED WEST HEALTHCARE CNTR TO BE SERVED AT CSC-LAWAYERS IN SVS CO, HOWEVER, PARTY WAS SUBMITTED THROUGH CASENET WITH A WASHINGTON MO ADDRESS. PETITION REFLECTS REMAINING DEFENDANTS TO BE SERVED THROUGH THE MISSOURI SECRETARY OF STATE (NO ADDRESS PROVIDED); HOWEVER, PARTIES WERE SUBMITTED THROUGH CASENET WITH CAMBRIDGE MA ADDRESSES. UPON RECEIPT OF CLEAR SERVICE INSTRUCTIONS, SUMMONS WILL BE PREPARED.
**Filing Info Sheet eFiling**

 **Filed By:** DENNIS M DEVEREUX
**Pet Filed in Circuit Ct**
PETITION.
 **Filed By:** DENNIS M DEVEREUX
 **On Behalf Of:** ROBERT PAUL PAYNE JR

Case: 26ABcCC00349 - ROBERT P. PAYNE, JR. V. PHILIPS 29A, ET AL. (FeCASE) - Charge/Judgement

Charge information is not available for the selected case.

Case: 26ABcCC00349 - ROBERT P. PAYNE, JR. V. PHILIPS 29A, ET AL. (FeCASE) - Charge/Judgement

Charge information is not available for the selected case.

Service information is not available for the selected case.

Case.net: 23AB-CC00442 - ROBERT P. PAYNE, JR. V. PHILIPS NA, ET AL (E-CASE) - Event Information

If an event is continued or cancelled it will not appear on this calendar.

Scheduled hearings and trials information is not available for the selected case.

Civil Judgments is not available for the selected case.

Garnishment information is not available for the selected case.